```
      IN THE UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF ARKANSAS
              EL DORADO DIVISION
```

**RUBIE MCMURRIAN, ET AL.**                                   **PLAINTIFFS**

      **v.**                    **Case No. 11-1068**

**CRESLENN OIL COMPANY ET AL.**                               **DEFENDANTS**

### O R D E R

Now on this 15th day of December, 2011, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (Doc. 6) and plaintiffs' objection thereto (Doc. 9). The Court, being well and sufficiently advised, finds and orders as follows:

    1. Plaintiffs, appearing *pro se*, filed a Notice of Removal on November 14, 2011, seeking to remove a civil action pending in Union County Circuit Court, styled *McMurrian et al. Creslenn Oil Co., et al.*, Case No. 2001-213. Plaintiffs did not attach copies of all process, pleadings, and orders filed in the state court case with their notice of removal as required by 28 U.S.C. § 1446(a). Plaintiffs subsequently filed certain documents from the state court case, but the record appears to be complete.

    2. The Notice of Removal was referred to the United States Magistrate Judge for consideration. On November 18, 2011, the Magistrate Judge determined that the case should be remanded to the Union County Circuit Court. The Magistrate Judge stated he had contacted the Union County Circuit Court and determined that the state court case had been filed over ten years ago in 2001. Therefore, the Magistrate Judge recommended that the case be remanded back to Union

County Circuit Court because the Notice of Removal was untimely filed. *See* 28 U.S.C. § 1446 (notice of removal must be filed within 30 days of receipt of initial pleading or within 30 days after service of the summons, whichever period is shorter).

3. Plaintiffs have objected to the Report and Recommendation on the grounds that the state court case "has been without judgment or action or cleanup for land damages for the past ten years. No trial date had been mandated, and no compensation for the family."

Plaintiffs' objection is not well-taken and will be overruled. Plaintiffs have not cited the Court to any statute or case that would permit the Court to allow them to remove this case at this late stage in the litigation. Further, a plaintiff generally has the right to select the forum -- which here was Union County Circuit Court -- and a defendant has the right to remove. *See Thatcher v. Hanover Ins. Group*, 659 F.3d 1212, 1214 (8th Cir. 2011) (internal quotation marks and citation omitted). Thus, even if the notice of removal had been timely filed, plaintiffs would not have a right to remove this case.

4. Therefore, the Court finds that the Magistrate Judge's Report and Recommendation is sound in all respects and should be adopted *in toto*.

**IT IS THEREFORE ORDERED** that plaintiffs' objection is **OVERRULED**.

**IT IS FURTHER ORDERED** that the **Report and Recommendation of the Magistrate Judge** (Doc. 6) is **adopted** *in toto.*

**IT IS FURTHER ORDERED** that this case is hereby **REMANDED** to the Union County Circuit Court.

**IT IS SO ORDERED.**

<pre>
                                /s/ Jimm Larry Hendren
                                JIMM LARRY HENDREN
                                UNITED STATES DISTRICT COURT
</pre>